UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **STEM CELL THERAPEUTICS USA, PLC**, a Michigan professional limited liability company, | Case No.<br><br>Hon. |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **NATIVE STEM CELL, PLLC**, a Michigan professional limited liability company, and **DR. KEVIN CRAWFORD**, an individual, jointly and severally, | |
| Defendants.<br>_____/ | |

Mark E. Hauck (P37238)
Andrew M. Gonyea (P79413)
Hickey Hauck Bishoff & Jeffers PLLC
Attorneys for Plaintiff
1 Woodward Ave., Suite 2000
Detroit, MI 48226
313.964.8600
mhauck@hhbjlaw.com
agonyea@hhbjlaw.com

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNJUST ENRICHMENT, AND UNFAIR COMPETITION UNDER FEDERAL AND STATE LAW

Now comes Plaintiff, **STEM CELL THERAPEUTICS USA, PLC**, by its

attorneys, Hickey Hauck Bishoff & Jeffers PLLC, who states as follows for its

Complaint for Trademark Infringement, Unjust Enrichment, and Unfair Competition Under Federal and State Law against Defendants, **NATIVE STEM CELL, PLLC** and **DR. KEVIN CRAWFORD**:

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief arising out of Defendants' trademark infringement, unjust enrichment and unfair competition under federal and state and law as a result of Defendants' willful infringement of Plaintiff's rights in the trademark depicted on the attached **Exhibit 1** (the "Logo").

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Stem Cell Therapeutics USA, PLC ("SCT"), is a Michigan professional limited liability company with its principal office in the City of Birmingham, Oakland County, Michigan.

3. Defendant, Native Stem Cell, PLLC ("NSC"), is a Michigan professional limited liability company with its principal office in the City of Bloomfield Hills, Oakland County, Michigan.

4. Defendant, Dr. Kevin Crawford ("Crawford"), is an individual who is a former member of SCT and, upon information and belief, is the founder and sole member of NSC.

5. Subject matter jurisdiction is properly vested in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) because this case

2

involves a civil action arising under the trademark laws of the United States. Jurisdiction over the state law claims is vested in this Court pursuant to 28 U.S.C. 1367(a) and the principals of pendent jurisdiction.

6. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to the claims alleged herein occurred in the Eastern District for the State of Michigan.

### COMMON ALLEGATIONS OF FACT

7. The allegations set forth in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

8. In or about April 2014, non-party Dr. David Jankowski ("Jankowski") and Crawford formed SCT to provide stem cell injection therapy services to individuals suffering from, among ailments, arthritis.

9. In or about August 2014, SCT commissioned the son of Crawford, non-party Michael Crawford ("Michael"), to design a business logo to be owned and used in various advertising and promotional media, including the Internet, printed media and signage.

10. The result of Michael's design work on SCT's behalf was the Logo depicted on the attached **Exhibit 1** (the "Logo").

11. Michael billed SCT for his design work by invoice dated August 11, 2014, a copy of which is attached as **Exhibit 2**.

3

12. SCT paid Michael for his design work by check number 1116, drawn on SCT's Chase checking account, a copy of which is attached as **Exhibit 3**.

13. SCT has used the Logo on the Internet and in print advertisements, and, as a result, the Logo is extensively known and has become a symbol of SCT, the quality of SCT's services, and of SCT's goodwill. An example of an advertisement for SCT's services, published in the Detroit Free Press on June 16, 2017, is attached as **Exhibit 4**.

14. In or about July 2016, Crawford terminated his relationship with SCT and proceeded to form NSC.

15. According to NSC's website homepage, a screenshot of which was downloaded on October 20, 2017, and is attached as **Exhibit 5**, like SCT, NSC is in the business of providing stem cell injection therapy services to individuals suffering from arthritis.

16. Without SCT's authorization, Defendants, acting in concert, caused the Logo, or confusingly similar variations thereof, to be used on NSC's website and in print advertisements. Known examples of such unlawful usage include the following:

    (a) The Logo appears in the header of NSC's website homepage (**Exhibit 5**).

    (b) The Logo appears in an advertisement for NSC's services that is

4

published in the June 16, 2017 edition of the Detroit Free Press (**Exhibit 6**) – the very same edition that contains the above-referenced advertisement for SCT with the Logo.

17. Defendants' use of the Logo on the Internet and in print advertisements deliberately and deceptively infringes on SCT's intellectual property rights in the Logo, with the intent of urging consumers to reconsider their choice of stem cell injection therapy services, and/or is likely to cause a false association between SCT's and NSC's services.

18. Defendants were alerted to their infringing activities by way of a cease-and-desist letter from SCT's counsel dated August 2, 2017, a copy of which is attached as **Exhibit 7**.

19. Defendants ignored the cease-and-desist letter, and, as best evidenced by the recent Internet homepage screenshot (**Exhibit 5**), they continue to infringe on SCT's intellectual property rights in the Logo.

20. Unless enjoined, Defendants' actions will irreparably damage SCT as well as members of the public who are deceived by Defendants' deceptive misuse of SCT's Logo.

5

# FIRST CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
(15 U.S.C. § 1125(A))

21. The allegations set forth in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

22. Defendants have deliberately and willfully attempted to trade on SCT's goodwill in the Logo and the reputation established by SCT in connection with its services. They have deliberately and willfully confused consumers as to the origin and sponsorship of NSC's services and passed NSC's services in commerce as those of SCT.

23. Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive SCT of the ability to control the consumer perception of its services offered under the Logo, placing the valuable reputation and goodwill of SCT in the hands of Defendants.

24. Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of NSC and its stem cell injection therapy services with SCT, and as to the origin, sponsorship or approval of NSC's stem cell injection therapy services by SCT, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

25. Defendants had direct and full knowledge of SCT's prior use of and rights in the Logo before the acts complained of herein.

26. As a result of Defendants' conduct, SCT has suffered commercial damage, in a monetary amount to be determined at trial, as well as the continuing loss of the goodwill and reputation established by SCT in the Logo. This continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and an injury for which SCT has no adequate remedy at law. SCT will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

27. Pursuant to 15 U.S.C. § 1117(a), the knowing, intentional and willful nature of the acts set forth herein entitles SCT to recover (a) Defendants' profits, (b) any damages sustained by SCT, and (c) the costs of the action.

**SECOND CLAIM FOR RELIEF**
COMMON LAW TRADEMARK INFRINGEMENT

28. The allegations set forth in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

29. SCT was the first to use the Logo or any marks similar thereto in connection with the sale of stem cell injection therapy services. As a result, SCT owns all rights, title and interest to and to the Logo, including all common law rights in such mark.

30. By their aforesaid conduct calculated to increase business and profits

4843-8735-3682, v. 1

by deceiving and confusing members of the public, Defendants continue to misappropriate the valuable goodwill of SCT in the Logo, to infringe upon SCT's rights therein, and to unfairly compete with SCT in the delivery of stem cell injection therapy services.

31. Defendants' willful use of SCT's Logo on the Internet and in printed advertisements constitutes a trademark infringement in violation of the common law of the State of Michigan.

32. Defendants' acts complained of herein were done with the full knowledge and intentional disregard for SCT's rights in the Logo, causing confusion in Michigan as to the source of NSC's services.

33. By reason of NSC's actions, SCT has suffered irreparable harm for which there is not an adequate remedy at law, and, unless NSC is permanently enjoined by this Court from using the Logo, SCT will continue to suffer irreparable harm.

34. As a direct and proximate result of Defendants' unlawful acts, SCT has suffered damages in an amount that will be established at trial.

### THIRD CLAIM FOR RELIEF
COMMON LAW UNFAIR COMPETITION

35. The allegations set forth in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

36. Defendants simulated SCT's Logo and substituted NCS's own services for those of SCT, thereby deceiving and misleading the public.

37. Defendants' actions constitute unfair competition as a matter of Michigan common law.

38. As a result of Defendants' unfair practices, SCT has suffered damage to its reputation and loss of business, in an amount that will be established at trial, together with irreparable harm for which there is not an adequate remedy at law, and unless Defendants are permanently enjoined by this Court from using the Logo, such wrongful conduct will continue.

### FOURTH CLAIM FOR RELIEF
COMMON LAW UNJUST ENRICHMENT

39. The allegations set forth in the preceding paragraphs are re-alleged and incorporated as if fully set forth herein.

40. Defendants received a benefit from SCT in the form of its goodwill and the profits NCS generated from its unlawful use of the Logo in commerce.

41. It would be inequitable for NCS to retain these benefits when SCT received no corresponding benefit, and was instead deprived of its intellectual property, did not receive payment, and incurred the burdens described above.

42. This combination of receipt of a benefit by Defendants and inequity resulting to SCT invokes the doctrine of Unjust Enrichment under Michigan

9

common law, and entitles SCT to a corresponding monetary judgment.

# **PRAYER FOR RELIEF**

WHEREFORE, SCT prays for an Order and Judgment as follows:

A. Entry of an Order (on a preliminary and permanent basis) requiring that Defendants and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained from:

(i) Using in any manner a mark that wholly incorporates the Logo or is confusingly similar therewith;

(ii) Using or displaying the Logo on any websites, products, or promotional materials in any false and/or deceptive manner; and

(iii) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of SCT's services as to the source of the services offered for sale or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between Defendants and SCT;

B. Ordering Defendants to preserve through trial and then deliver up for destruction, pursuant to 15 U.S.C. § 1118, all Internet webpages / scripts / html code, articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, letterhead, business cards, promotional items, clothing, literature, sales aids, receptacles, templates or other matter in the

possession, custody, or under the control of Defendants or their agents bearing the Logo, in any manner, or any mark that is confusingly similar to the Logo;

  C. Ordering Defendants to take all steps necessary to cancel any state or local business registrations, including corporate name registrations and d/b/a filings, that include the Logo or amend those registrations to names that do not include the Logo, and to remove any references to any business registrations, including corporate names and d/b/a filings, that include the Logo;

  D. Ordering Defendants to retain and disclose all communications with all individuals and entities with whom they engaged in any transaction relating to or arising from the use of the Logo, or otherwise in furtherance of the actions complained of herein;

  E. Directing Defendants to provide an accounting of profits made by Defendants as a result of Defendants' unlawful conduct;

  F. Ordering Defendants, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon SCT within thirty (30) days after entry of the injunction, a written report under oath describing in detail the manner and form in which Defendants have complied with the injunction, including ceasing all offering of services using the Logo as set forth above;

  G. Ordering Defendants to pay a judgment in the amount of SCT's actual damages under 15 U.S.C. § 1117 and Michigan law, as well as Defendants' profits,

and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117, in an amount to be proven at trial;

  H. Ordering Defendants to pay SCT's reasonable attorneys' fees and costs of this action under 15 U.S.C. § 1117 and/or Michigan law;

  I. Ordering Defendants to pay a judgment for enhanced damages under 15 U.S.C. § 1117 and punitive damages under Michigan law as appropriate; and

  J. Granting Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues pled herein.

Date: October 25, 2017    HICKEY HAUCK BISHOFF & JEFFERS, PLLC

            By: */s/Mark E. Hauck*
              Mark E. Hauck (P37238)
              Andrew M. Gonyea (P79413)
              *Attorneys for Plaintiff*
              1 Woodward Ave., Suite 2000
              Detroit, MI 48226
              313.964.8600
              mhauck@hhbjlaw.com
              agonyea@hhbjlaw.com

4843-8735-3682, v. 1